**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NOT DEAD YET MANUFACTURING, INC., d/b/a NDY MFG, INC., | CASE NO.    15-cv-00529 |
| Plaintiff, | Judge |
| v. | |
| CFC DISTRIBUTORS, INC., | **COMPLAINT** |
| Defendant. | |

**THE PARTIES**

1.      Plaintiff, Not Dead Yet Manufacturing, Inc. d/b/a NDY MFG, Inc., is an Illinois corporation having its principal place of business at 4590 N. 11000 W. Road, Bonfield, IL 60913.

2.      Upon information and belief, Defendant, CFC Distributors, Inc., is a company organized under the laws of Indiana and has a principal place of business at 8555 N, St Rd 15, Roann, IN 46974.

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

4.      This Court has subject matter jurisdiction over the patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over the defendant under 735 ILCS §2-209 for at least the reason that the defendant has conducted business within Illinois and has committed tortious acts in Illinois.

6.      Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).


## BACKGROUND FACTS

7.      Kenneth E. Shoup is the president of plaintiff, and established plaintiff on March 9, 2010.

8.      Mr. Shoup is a named inventor on over 20 issued U.S. patents and numerous patent applications related to agricultural equipment.

9.      Plaintiff is in the business of designing, manufacturing, and selling equipment related to agricultural products, including, but not limited to planting and harvesting machinery.

10.      At least as early as July 2010, Mr. Shoup conceived of and commenced designing a quick connect and disconnect coupling for stalk stompers.

11.      By at least July 16, 2010, Mr. Shoup reduced his concept to practice.

12.      On or about August 14, 2010 plaintiff first publicly displayed a quick connect and disconnect coupling for stalk stompers in accordance with his concept.

13.      On information and belief, since and during at least 2013 defendant has made and used stalk stompers with a quick connect and disconnect coupling in the United States and sold or offered for sale said stalk stompers including, but not limited to those designated with part numbers 41830, 83308, 83020, 83022, 83322, and 83323 in the United States, in Illinois, and in this District.

14.    On information and belief, since and during at least 2013 defendant has been inducing others to use stalk stompers with a quick connect and disconnect coupling including, but not limited to those designated with part numbers 41830, 83308, 83020, 83022, 83322, and 83323 in the United States, in Illinois, and in this District.

**COUNT I - Patent Infringement of U.S. Patent No. 8,418,432**

15.    Paragraphs 1-14 are incorporated herein by reference.

16.    On or about July 19, 2011, Mr. Shoup caused a patent application directed to his concept of a quick connect and disconnect coupling for a stalk stomper to be filed with the U.S. Patent and Trademark Office.

17.    On April 16, 2013, U.S. Patent No. 8,418,432, entitled "Quick Connect/Disconnect Coupling For A Stalk Stomper", was issued by the United States Patent and Trademark Office, and listed Kenneth E. Shoup as the Inventor.  A true and correct copy of U.S. Patent No. 8,418,432 is attached as Exhibit A.

18.    U.S. Patent No. 8,418,432 is currently owned by plaintiff by way of assignment.

19.    As of at least April 20, 2013, Plaintiff has marked the stalk stompers with a quick connect and disconnect coupling that it manufactures and sells with a label that provides notice of U.S. Patent No. 8,418,432.

20.    Each of the stalk stompers with a quick connect and disconnect feature listed in paragraphs 13 and 14 infringes at least one claim of U.S. Patent No. 8,418,432, and are thus an Infringing Product.

21.    Defendant has made, used, sold and offered for sale the Infringing Product in the United States.

3

22.     Defendant specifically intended for and instructed purchasers of the Infringing Products to use same.

23.     Defendant has directly infringed, contributed to the infringement, and induced others to infringe U.S. Patent No. 8,418,432 in violation of 35 U.S.C. § 271.

24.     Defendant's infringement of U.S. Patent No. 8,418,432 is willful.

25.     Plaintiff has suffered and will continue to suffer damages in an amount yet to be determined and irreparable injury as a result of defendant's infringement of U.S. Patent No. 8,418,432.


**COUNT II - Patent Infringement of U.S. Patent No. 8,745,963**

26.     Paragraphs 1-25 are incorporated herein by reference.

27.     On June 10, 2014, U.S. Patent No. 8,745,963, entitled "Adjustable Angle Stalk Stomper With Torsion Spring ", was issued by the United States Patent and Trademark Office, and listed Kenneth E. Shoup as the Inventor.  A true and correct copy of U.S. Patent No. 8,745,963 is attached as Exhibit B.

28.     U.S. Patent No. 8,745,963 is currently owned by plaintiff by way of assignment.

29.     As of at least June 10, 2014, plaintiff has marked the stalk stompers with a quick connect and disconnect coupling that it manufactures and sells with a label that provides notice of U.S. Patent No. 8,745,963.

30.     Each of the stalk stompers with a quick connect and disconnect feature listed in paragraphs 13 and 14 infringes at least one claim of U.S. Patent No. 8,745,963, and is thus an Infringing Product.

4

31.     Defendant has made, used, sold and offered for sale the Infringing Product in the United States.

32.     Defendant specifically intended for and instructed purchasers of the Infringing Products to use same.

33.     Defendant has directly infringed, contributed to the infringement, and induced others to infringe U.S. Patent No. 8,745,963 in violation of 35 U.S.C. § 271.

34.     Defendant's infringement of U.S. Patent No. 8,745,963 is willful.

35.     Plaintiff has suffered and will continue to suffer damages in an amount yet to be determined and irreparable injury as a result of defendant's infringement of U.S. Patent No. 8,745,963.


WHEREFORE, Plaintiff requests that a judgment be entered against defendant CFC Distributors, Inc.:

A.     Declaring that defendant has infringed at least one claim of U.S. Patent No. 8,418,432;

B.     Declaring that defendant's infringement of U.S. Patent No. 8,418,432 is willful;

C.     Enjoining defendant, its officers, employees, subsidiaries, agents, attorneys and all persons in active concert with them, from any further infringement of U.S. Patent No. 8,418,432;

D.     Declaring that defendant has infringed at least one claim of U.S. Patent No. 8,745,963;

E.     Declaring that defendant's infringement of U.S. Patent No. 8,745,963 is willful;

F.     Enjoining defendant, its officers, employees, subsidiaries, agents, attorneys and

all persons in active concert with them, from any further infringement of U.S. Patent No.

8,745,963;

      G.      Awarding damages, costs and interest to plaintiff under 35 U.S.C. §§ 284 and

154(d);

      H.      Awarding up to treble damages upon a finding that defendant's infringement has

been willful and wanton under 35 U.S.C. § 284;

      I.      Declaring this case exceptional and awarding plaintiff its reasonable attorneys

fees pursuant to 35 U.S.C. § 285; and

      J.      Awarding plaintiff such other and further relief as this Court deems just and

proper.

Respectfully submitted,

Dated: January 20, 2015      By:  __s/ Joseph M. Kuo_____
                                     Joseph M. Kuo
                                     Olson & Cepuritis, Ltd.
                                     20 North Wacker Drive, 36th Floor
                                     Chicago, IL 60606-3181
                                     Tel. (312) 580-1180
                                     Fax (312) 580-1189
                                     jkuo@olsonip.com

                                   Attorney for Plaintiff
                                     NOT DEAD YET MANUFACTURING, INC.